

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN - 6 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION
Case No.: 4:13-cv-00017

| | |
|---|---|
| The United States of America, ex rel. Joseph M. Thomas, Bringing this Action on Behalf of the United States of America, <br><br> *Plaintiff*, <br><br> v. <br><br> Duke University, Duke University Health System, Inc., William M. Foster, Ph.D. and Erin N. Potts-Kant, <br><br> *Defendants*. | Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(2), 12(b)(3) and 12(b)(6) |

Relator Joseph Thomas ("Relator") has filed this False Claims Act ("FCA") *qui tam* lawsuit against Defendants Duke University ("Duke"), Duke University Health System, Inc. ("DUHS"), and William M. Foster, Ph.D. ("Dr. Foster") (collectively, the "Duke Defendants") and me based on alleged scientific research misconduct. Because the Amended Complaint fails to make sufficient connection between my alleged falsification of research data and the grant applications submitted by the Duke Defendants, the Amended Complaint is subject to dismissal for lack of personal jurisdiction over me and improper venue, as well as failure to state a claim upon which relief can be granted and failure to plead any fraudulent act by with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### ALLEGATIONS[1]

As alleged in the Amended Complaint, I was a laboratory technician responsible for operating machines that measured and assessed pulmonary physiology at Duke University in

---

[1] The Court must accept the allegations of the Amended Complaint as true for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1

Durham, North Carolina. *See* Dkt. 25 ¶¶ 22-23, 147. Relator alleges that in my capacity as a laboratory technician, I fabricated or altered research data that supported researchers' hypotheses and led to my personal advancement. *Id.* ¶ 156-58. The sole allegation connecting me to any claims for payment by the U.S. Government is my inclusion as a co-author of publications that were funded by federal grants. *Id.* ¶ 213. Relator alleges that Duke then used the false research results to seek payment through grants from the National Institutes of Health ("NIH") and the Environmental Protection Agency ("EPA"), made false certifications in applications and progress reports for the grants, and concealed its knowledge of the alleged research misconduct. *Id.* ¶¶ 214, 224, 279.

## ARGUMENT

### I. This Forum Lacks Personal Jurisdiction over Me and is Not a Proper Venue.

As an initial matter, because I have no connection to the state of Virginia and the Complaint fails to allege that I had any involvement with Duke's alleged knowingly false statements in seeking grant funds from the federal government, this forum lacks personal jurisdiction over me and is not a proper venue.

    a. <u>Personal Jurisdiction is Improper because I have no Contacts with the State of Virginia.</u>

The Amended Complaint fails to allege any facts supporting general or specific jurisdiction over me. It contains no allegation regarding my state of residence, which is North Carolina, and it contains no allegation of any action taken by me in or related to the State of Virginia.

Once a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of demonstrating personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). For specific personal jurisdiction to exist, the exercise of jurisdiction must satisfy federal due

2

process requirements. This requires a finding that the defendant purposefully established minimum contacts within the forum state, as well as consideration of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Considerations such as the burden on the defendant and efficient resolution of controversies may impact the level of purposeful contact with the forum state that is required. *Id.* at 477.

The Amended Complaint fails to allege any act by me in or directed to this jurisdiction. It does not allege that I submitted any claims or papers to any government agency, let alone a location for such action taking place. The only allegation in the Amended Complaint regarding personal jurisdiction concerns business transacted by Duke and DUHS that has no relationship to the alleged facts. *See* Dkt. 25 ¶ 12.

Further, requiring me to litigate this action in Virginia is simply unfair. Hiring an attorney licensed to practice law in Virginia in addition to my North Carolina attorney is prohibitively expensive for me. As discussed further in the Duke Defendants' Motion to Transfer Venue, resolution of this controversy in this jurisdiction is inefficient because all of the numerous fact witnesses reside outside of the Western District of Virginia.

    b. <u>Venue is Improper because Relator Fails to Allege Concert of Action between the Duke Defendants and Me in Connection with Submitting Grant Requests.</u>

The Amended Complaint alleges that venue is proper in this District pursuant to 31 U.S.C. § 3732(a), which allows a plaintiff to bring a civil action "in any judicial district in which the defendant can be found or, in the case of multiple defendants, any one defendant can be found, resides or transacts business." 31 U.S.C. § 3732(a). Relator relies on the allegation that

3

Duke and DUHS transact business in Virginia that has no relationship to the alleged facts of the case. *See* Dkt. 25 ¶¶ 12-13.

Section 3732(a) does not authorize the joinder of multiple defendants where those defendants are not alleged to have acted in concert in the alleged activity. *United States ex rel. Smith v. Yale Univ.*, No. 3:02-CV-1205, 2006 U.S. Dist. LEXIS 12304, at *19-20 (D. Conn. March 7, 2006) ("Although the False Claims Act provides that if one defendant can be 'found' in a jurisdiction, venue is proper for all other defendants in the same action who are involved in the same false claims, this does not mean that defendants accused of similar but unrelated conduct may be sued in that same district.") *vacated on other grounds by* 2006 U.S. Dist. LEXIS 24847 (D. Conn. Apr. 28, 2006); *United States v. St. Joseph's Reg'l Health Ctr.*, 240 F. Supp. 2d 882, 886 (W.D. Ark. 2002) ("The Court does not find that the presence of the two Pennsylvania hospitals is sufficient to establish venue pursuant to 31 U.S.C. § 3732(a). As St. Joseph's points out, the Complaint . . . alleges no conspiracy or concert of action or joint and several liability between the defendants. Thus, there is no claim that would justify joinder of the relator's claims against St. Joseph's with its claims against the two Pennsylvania hospitals . . . .").

While the Amended Complaint makes the vague allegation that "Potts-Kant and/or Foster used false and/or fraudulent research results to co-author scientific papers," it contains no allegation that I worked in concert with any of the other defendants to present false claims for grant payments. Without any concert of action in any act prohibited by the FCA, Relator cannot rely on section 3732(a) for venue or personal jurisdiction in this case.

II.     **The Amended Complaint Fails to State a Claim against Me for Violation of the False Claims Act.**

The voluminous allegations of the First Amended Complaint distill to one simple allegation against me: that I purportedly fabricated and/or altered research data to support the

4

hypotheses of the researchers who directed me to conduct experiments. *See* Dkt. 25 ¶¶ 154-58. Relator alleges that the purportedly fraudulent experiments were funded by federal grants, but makes no factual allegation whatsoever that I had any involvement with requesting grant payments from the federal government. There is no allegation that I knowingly provided information to be used in any grant application or that I signed any grant application.

Because the basis for a *qui tam* action is fraud in the filing of claims against the government, the allegations in the complaint must comply with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *U.S. ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013). "As the Supreme Court has cautioned, the Act 'was not designed to punish every type of fraud committed upon the government.'" *Id.* at 456 (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999). "Instead, the critical question is whether the defendant caused a false claim to be presented to the government, because **liability under the Act attaches only to a claim actually presented to the government for payment, not to the underlying fraudulent scheme**. *Id.* (emphasis added).

The Amended Complaint does not specify any claim that I made to the government for payment, and does not even allege that I had any knowledge that the purportedly false data would be used to request money from the government. That is fatal to any claim against me individually under the FCA.

## CONCLUSION

For the reasons set forth in my motion to dismiss and this memorandum, the Court should dismiss Plaintiff's Amended Complaint as to the claims asserted against me.

5

This, the 5 day of January, 2017

                                                        Erin Potts-Kant, *pro se*
9 Red Bluff Court
Durham, North Carolina 27713
(704) 223-2130

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Memorandum by U.S. Mail to the following:

Matthew W. Broughton, Esq.
Gentry Locke
P.O. Box 40013
Roanoke, Virginia 24022
*Attorney for Plaintiff*

Frederick Robinson, Esq.
Carol Poindexter, Esq.
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501

Thomas T. Cullen, Esq.
Woods Rogers PLC
10 South Jefferson Street
Suite 1400
Roanoke, VA 24011

Thomas N. Griffin, III, Esq.
Richard S. Glaser, Jr., Esq.
Annette K. Ebright, Esq.
PARKER POE ADAMS & BERNSTEIN LLP
Three Wells Fargo Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

This, the 5 day of January, 2017

Erin Potts-Kant, *pro se*
9 Red Bluff Court
Durham, North Carolina 27713
(704) 223-2130