IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE UNITED STATES OF )<br>AMERICA, ex rel. Joseph M. Thomas, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE UNIVERSITY, et al., )<br>)<br>Defendants. ) | 1:17-CV-276 |

# ORDER

This matter is before the Court on the following separate motions to dismiss: by the defendant Erin Potts-Kant, Doc. 70, by the defendant Duke University, Doc. 72, and by the defendant William Foster, Doc. 73. Upon review of the Amended Complaint and the briefs, the Court concludes that the plaintiff has stated claims on which relief may be granted and that the motions should be denied. The Court concludes oral argument would not be helpful and denies the request.

Also pending is the defendants' joint motion to stay discovery while the motions to dismiss are pending. Doc. 82. The motions to dismiss having been decided, the motion for stay is moot.

The parties are advised that the briefing submitted by both sides in connection with the Foster and Duke motions to dismiss was substantially longer than will be allowed under this district's local rules and practices. Based on the use the parties made of their excess pages in the briefing on the motion to dismiss, the Court will not be

inclined to allow similarly long briefs at summary judgment. The parties should plan accordingly going forward.

The Court anticipates summary judgment motions. To reduce costs associated with unnecessary briefing, to promote focus and clarity in the briefing, and to facilitate efficient decision-making, the Court will direct the parties to meet and confer when the discovery period ends and will require the plaintiff to file additional submissions in advance of the briefing. While the Court is flexible about the exact format of the submissions, it envisions something like a jury instruction or other non-argumentative road map for each claim the plaintiff intends to pursue at trial. If the parties have suggestions for improving this process, the Court is amenable to hearing them.

It is **ORDERED** that:

1. The defendant Potts-Kant's motion to dismiss, Doc. 70, is **DENIED**;
2. The defendant Duke University's motion to dismiss, Doc. 72, is **DENIED**; and
3. The defendant William M. Foster's motion to dismiss, Doc. 73, is **DENIED**.
4. The defendants' motion to stay discovery, Doc. 82, is **DENIED** as moot.
5. The case is referred to the Magistrate Judge to hold a Rule 26(f) Conference and to enter an appropriate scheduling order, in light of the Joint Report at Doc. 88 and any updated report the parties may submit.
6. When the discovery period ends, the parties shall meet and confer in an effort to narrow and refine the issues requiring resolution by the Court or the jury. Within fourteen days of the close of discovery, and after consultation with the defendants, the plaintiff shall file his proposed verdict sheet covering all issues

as to all defendants he intends to pursue at trial. Should any defendant give notice of its intent to file a summary judgment motion, *see* L.R. 56.1(a), the plaintiff must file, as to each such defendant, a statement of the elements of each cause of action and, tied to those elements, a concise but specific summary of the facts he must prove in order to prevail. The summary shall not contain argument or unnecessary adverbs, shall be filed no later than seven days before the summary judgment motion is due, *see* L.R. 56.1(b), and shall not exceed eight pages.

This the 25th day of April, 2017.

                                                UNITED STATES DISTRICT JUDGE