UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:17-cv-00276-CCE-JLW

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JOSEPH M. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEM, INC., WILLIAM M. FOSTER, PH.D., AND ERIN N. POTTS-KANT <br><br> Defendants. | DEFENDANTS' MOTION FOR SANCTIONS |

NOW COME Defendants in the above-captioned matter, DUKE UNIVERSITY and DUKE UNIVERSITY HEALTH SYSTEM, INC. ("Duke"), pursuant to the North Carolina Rules of Professional Conduct, Rules 4.2, 4.4, and 8.4(a), and LR 83.10e, and move this Court to find that lead counsel for Relator, Gentry Locke ("Counsel"), has, through the actions of the Relator, engaged in impermissible *ex parte* contacts with Duke and its employees and, in the process, acquired privileged information concerning conversations with and the actions of counsel.[1] Based upon these violations, Duke moves that this Court impose sanctions in its discretion, including the suppression of all information gathered and the disqualification of lead counsel.

---

[1] No sanctions are sought against Thomas' North Carolina counsel, Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, as Duke has received no information that North Carolina counsel was involved in these actions.

In support of this Motion, Duke respectfully shows unto this Court that:

1. This is an action brought by the Plaintiff/Relator, Joseph Thomas ("Thomas" or "Relator") on behalf of the United States of America under the False Claims Act, 31 U.S.C. §§3729-3733 ("FCA").

2. Thomas was an employee of Duke's Department of Medicine from August 2008 until his resignation in September 2014. He worked as a research technician in the Pulmonary Division from 2012 until his resignation. (D.E. 25 ¶¶ 17, 18.)

3. In March 2013, Duke suspended and ultimately terminated another research technician in the Pulmonary Division, Defendant Erin Potts-Kant ("EPK") for embezzlement. Following her termination, Duke researchers began to question whether she might have manipulated research results and launched an investigation.

4. Upon hearing of EPK's suspension, Thomas, whose work did not overlap with EPK's and was unaffected by any of her possible misconduct, contacted his brother, John Thomas, an attorney with Gentry Locke. Thomas and his counsel contend that an attorney-client relationship was formed at that time. (Thomas Dep. at 87:13-88:9). The applicable pages of Thomas' deposition are attached to this Motion as Exhibit 1. Duke adopts by reference and incorporates the contents of Exhibit 1.

5. On May 17, 2013, Relator and counsel filed a Complaint under seal in the Western District of Virginia, alleging violations of the FCA under its *qui tam* provisions.

6. No later than June 3, 2013, the Relator and counsel knew that Duke and its employees were represented by Duke counsel in connection with the investigation. (Relator's Objections and Responses to Defendant Duke University's First Interrogatories ("Interrogatory Response") at p. 18 (June 3, 2013 entry)). A redacted copy of this Interrogatory Response is attached to this Motion as Exhibit 2. Duke has filed an unredacted copy under seal with the Court and has moved to redact portions of this Exhibit to protect privileged information. Duke adopts by reference and incorporates the contents of Exhibit 2 filed under seal.

7. From June 2013 through September 2014, Relator engaged Duke employees in conversation about the investigation. After these conversations, Relator would prepare an email note to himself. Relator would then take the email notes, put them into a Word document, and transmit them to counsel, along with his observations. Counsel received these Word documents and was aware of Relator's conversations and, upon information and belief, provided feedback and commentary on them. (Ex. 1, 19:10-24:20).

8. At no time was Thomas instructed to stop gathering information from employees of Duke despite the fact that Duke was represented. (*Id.* at 19:6-17). Thomas was also apparently provided instructions during this time from his attorneys about these conversations, but has refused to answer questions on those

3

instructions based on the attorney-client privilege. (*Id* at 21:21-22:5). Thomas testified that he was never instructed not to talk with Duke employees, including the co-defendant, Dr. W. Michael Foster. (*Id.* at 335:11-14).

9. It appears that Thomas had dozens, and likely well more than 100 discussions, with Duke employees on the issues related to this case. Thomas' counsel estimated that Thomas had more than 60 discussions with one researcher alone, Dr. Julie Ledford. (Gentry Locke Email at 1). A copy of this email is attached to this Motion as Exhibit 3. Duke adopts by reference and incorporates the contents of Exhibit 3.

10. During the course of Thomas' questioning of Duke employees, Thomas was also provided privileged information concerning conversations with counsel for Duke, instructions and statements made by counsel for Duke, and the mental impressions of counsel for Duke. Based upon information supplied by the Relator, Duke has identified 28 instances in which Thomas had conversations with Duke employees concerning Duke's counsel. A chart containing the dates of these references is attached to this Motion as Exhibit 4**.** Duke adopts by reference and incorporates the contents of Exhibit 4.

11. Counsel has instructed Thomas not to reveal whether they had instructed him to avoid gathering privileged information from Duke employees. (Ex. 1, 56:18-25; 203:1-8). Thomas included all information in the emails and Word documents that he created, including information about Duke counsel. (*Id.* at 56:2-9; 200:4-11).

12. Thomas and his counsel collected these statements for use in this litigation.

13. In November 2015, Relator's Complaint was unsealed. Paragraph 233 of the Amended Complaint alleged that Thomas had conversations with two researchers "and other Pulmonary Division personnel." (D.E. 25 at ¶233). The Amended Complaint lists a number of allegations that appear to be based on these conversations.

14. This case was transferred to this Court and discovery began in July 2017. Duke tendered it first set of interrogatories on July 24, 2017. Interrogatory #2 sought to learn of all conversations with Duke employees. (Ex. 2 at 6).

15. Thomas served his response to Interrogatory #2 on September 15, 2017. There, and for the first time, Thomas and counsel revealed the extent of discussions with Duke employees in 2013 and 2014. The Interrogatory Response is approximately 47 single-spaced pages long and recounts dozens of conversations about this matter between Thomas and Duke's employees *after* Thomas and counsel knew that Duke was represented. (*See generally* Ex. 2).

16. Thomas and counsel served a redacted version of the Interrogatory Response as well, seeking to redact information in their possession that they realized was privileged. A copy of the redacted version of the Interrogatory Response is attached as Exhibit 5. Defendants have identified additional matters in Exhibit 5 that recite privileged information from Duke counsel, and have redacted this information and filed a copy of Exhibit 5 (without the additional

5

redactions) under seal. Duke has moved to redact portions of this Exhibit to protect privileged information. Duke adopts by reference and incorporates the contents of Exhibit 5 filed under seal.

17. Thomas and counsel further served a privilege log relating to these *ex parte* communications with Duke employees on October 10, 2017. A copy of the October 10, 2017 Privilege Log is attached to this Motion as Exhibit 6. The October 10, 2017 Privilege Log reveals that Thomas and counsel claimed that Thomas' transmission of the Word documents to counsel and communications about Thomas' *ex parte* conversations were privileged under the work product doctrine, as the privilege log described these as having been done or completed "at the direction of counsel" or for "purposes of litigation."

18. The October 10, 2017 Privilege Log did not identify any email notes that Thomas made concerning his *ex parte* communications. Thomas and counsel did not produce any email notes at that time.

19. Thomas' deposition was taken on October 26 and 27, 2017. During his deposition, Duke first learned of the existence of email notes.

20. On November 17, 2017, Thomas and counsel served an additional privilege log concerning the email notes. Thomas and counsel claimed work product privilege for such notes, indicating that the notes were prepared "in anticipation of litigation, and at the direction of counsel." A copy of the November 17, 2017 Privilege Log is attached to this Motion as Exhibit 7.

6

21. On November 29 and 30, 2017, a former researcher with Duke, Dr. Julie Ledford, was deposed. During the course of her deposition, Dr. Ledford testified that Thomas would engage her in conversation after he saw attorneys leave her office, and would ask her what she had been told by counsel. (Ledford Dep. at 475:3-20). A copy of the applicable pages of Dr. Ledford's deposition is attached to this Motion as Exhibit 8.

22. Following a "meet and confer" conference with Duke, Thomas and counsel produced the email notes on December 15, 2017.

23. A review of the email notes identified 7 instances in which Thomas had conversations with Duke employees concerning Duke counsel, but the references to Duke counsel were not included in the conversations contained in Thomas' response to Interrogatory #2. (*See* Ex. 4). Duke has moved to file the 7 email notes under seal. Consistent with Local Rule 5.4, Duke has filed a sheet noting that confidentiality of the notes in their entirety is claims, which is attached to this Motion as Exhibit 9. Duke adopts by reference and incorporates the contents of Exhibit 9 filed under seal.

24. On January 23, 2018, counsel for Duke requested a "meet and confer" with counsel for Relator over the production of additional information relating to these *ex parte* communications. As part of this request, counsel for Duke notified counsel for Relator that it appeared that there had been violations of the North Carolina Rules of Professional Conduct, and specifically Rules 4.2, 4.4, and 8.4(a). A redacted copy of the Letter of January 23, 2018, is attached to this

7

Motion as Exhibit 10. Duke has filed an unredacted copy under seal with the Court and has moved to redact potions of this Exhibit to protect privileged information. Duke adopts by reference and incorporates the contents of Exhibit 10 filed under seal.

25. Proceedings in this matter were stayed at the request of the parties from February 7 through March 9, 2018.

26. After a series of conferences, Relator produced his Second Supplemental Responses to Defendant Duke University's First Interrogatories (the "Supplement") on April 6, 2018. The Supplement provided additional information on 17 dates during which multiple conversations occurred and included disclosures for 3 dates not previously disclosed, as well as an additional instance of the exchange of additional privileged information. A redacted copy of this Supplement is attached to this Motion as Exhibit 11. Duke has filed an unredacted copy under seal with the Court and has moved to redact potions of this Exhibit to protect privileged information. Duke adopts by reference and incorporates the contents of Exhibit 11 filed under seal.

27. These facts demonstrate that violations of the North Carolina Rules of Professional Conduct have occurred because Counsel by providing Thomas with supervision and direction, engaged in improper *ex parte* contacts in violation of Rule 4.2, secured privileged information in violation of Rule 4.4, and committed these violations through the action of a third person in violation of Rule 8.4(a).

In further support of this Motion, Duke relies upon the affidavit of Alan Schneider, Esq., an attorney and member of the North Carolina Bar specializing in ethics. A redacted copy of the Schneider Affidavit is attached to this Motion as Exhibit 12. Duke has filed an unredacted copy under seal with the Court and has moved to redact potions of this Exhibit to protect privileged information. Duke adopts by reference and incorporates the contents of Exhibit 12 filed under seal. Duke further relies on the Memorandum of Law submitted contemporaneously with this Motion.

WHEREFORE, Duke prays that:

1. This Court find that counsel, acting through Thomas, has violated North Carolina Rule of Professional Conduct Rule 4.2;

2. This Court find that counsel, acting through Thomas, has violated North Carolina Rule of Professional Conduct, Rule 4.4;

3. This Court find that counsel, by acting through Thomas, has violated North Carolina Rule of Professional Conduct, Rule 8.4(a).

4. This Court impose appropriate sanctions in its discretion including, but not limited to, suppression of these *ex parte* communications and disqualification of counsel from further representation in this matter.

Dated: <u>May 17, 2018</u>　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ James P. Cooney*
　　　　　　　　　　　　　　　　　　　James P. Cooney III
　　　　　　　　　　　　　　　　　　　North Carolina Bar. No. 12140
　　　　　　　　　　　　　　　　　　　Womble Bond Dickinson (US) LLP
　　　　　　　　　　　　　　　　　　　301 S. College Street, Suite 3500

Charlotte, NC 28202
Telephone: (704) 331-4980
Fax: (704) 338-7838
Jim.Cooney@wbd-us.com

Rebecca Fleishman
North Carolina Bar No. 41233
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2176
Fax: (919) 755-6776
Rebecca.Fleishman@wbd-us.com


Frederick Robinson
*Admitted Pro Hac Vice*
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Telephone: (202) 662-0200
Fax: (202) 662-4643
Rick.Robinson@nortonrosefulbright.com

Carol Poindexter
*Admitted Pro Hac Vice*
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Telephone: (202) 662-0200
Fax: (202) 662-4643
Carol.Poindexter@nortonrosefulbright.com

Megan Fanale Engel
*Admitted Pro Hac Vice*
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Telephone: (202) 662-0200
Fax: (202) 662-4643
Megan.Engel@nortonrosefulbright.com

*Counsel for Defendants Duke University*

10

*and Duke University Health System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record in this matter.

> */s/ James P. Cooney III*
> James P. Cooney III