IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, ex rel. JOSEPH M. THOMAS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:17-CV-276 |
| DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEM, INC., WILLIAM M. FOSTER, PH.D, AND ERIN N. POTTS-KANT, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on numerous motions to seal filed in connection with 1) materials submitted in support of and in opposition to the Duke defendants' motion for sanctions; 2) materials submitted in support of a related motion to strike; and 3) materials submitted with an opposition to one of the motions to seal. The motion for sanctions is at Document 159, and the related briefs are at Documents 160, 185, and 200. The motion to strike is at Document 180. The motions to seal are at Documents 161, 174, 178, 180, 188.

To facilitate an orderly, accurate, and complete decision, to prevent undue delay in decision-making, and in hopes of narrowing the issues for resolution, the Court directs the parties to consult and then to prepare and file a Joint Submission On Pending Motions to Seal by July 26, 2018, at 4:00 p.m. The Joint Submission shall be in a comprehensible and logical format; shall include such lists, spreadsheets, charts, and discussion as is

needed to comply with this Order and assist the Court; shall be filed on the public docket; and shall include the following information for each and every document subject to a motion to seal:

1. A brief description of the document (e.g., Declaration of John Smith, collected emails from Relator to counsel, First Interrogatory Answers, Brief in Support of Motion to Seal).

2. The docket location of the sealed document. Here and elsewhere in this Order, "docket location" means the ECF docket number, e.g., Doc. 999-12, and, if documents or exhibits have been lumped together in one ECF docket number, the page numbers of the document, e.g., Doc. 999-12 at pp 44-56.

3. For documents filed on the public docket in redacted form, the docket location of such public filing. If there is no such redacted document, indicate that sealing of the entire document is sought.

4. The identity of the party who filed the motion to seal.

5. The identity of the party seeking to keep the document under seal.

6. The docket location of the motion to seal specific to the document and, if the motion is more than one page, a pin cite. Here and elsewhere in this Order, "pin cite" means the page number appended by ECF or, if the document has internal paragraph numbers, the paragraph number.

7. The docket location and pin cite to the brief in support of the motion to seal the document filed per Local Rule 5.4(b) and (c).

8. The docket location and pin cites for evidence supporting the motion to seal.

2

9. A shorthand reason for the requested sealing (e.g., attorney-client privilege, trade secret, privacy concerns, etc.).

10. If after review and consultation there are documents subject to a motion to seal that no party wants to remain under seal or which are moot, that shall be specifically stated.

11. State the docket location and pin cite of each place in each relevant brief (e.g., the brief in support of the motion for sanctions) where the document is cited. If the document is not cited in any of the relevant briefs, that shall be specifically stated. The Court generally strikes such irrelevant documents.

12. If there are documents filed under seal that contain pages, paragraphs, or sentences not cited in the briefs submitted on the motion for sanctions or related motions to seal and which irrelevant pages, paragraphs, or sentences are the subject of a motion to seal, such irrelevant information can be stricken and copies with only the cited portions can be substituted. The parties shall confer and include such identifications and agreements in the Joint Submission.

13. If any party objects to the sealing of a document in whole or in part, the docket location and pin cite of that objection shall be provided, along with a shorthand statement of the basis for the objection (e.g., waiver).

14. If the same document has been filed more than once, that shall be noted with appropriate citation.

The parties may include any other information they believe would be helpful to the Court, so long as it does not result in the submission being overwhelming. The

purpose of the submission is to make things easier to sort through, not harder. The Court will leave the format to the parties. If needed to assist with comprehension and clarity, the material can be organized in different ways in different spreadsheets or lists.

Please be precise in all docket location citations and pin citations, so the Court does not have to struggle to find things. The Court will give the motions serious attention, but it will not scour the record if your citations are unclear or imprecise. A failure to provide the Court with the information it needs to decide a motion to seal will result in denial of the motion.

If the parties are in a position to provide a flash drive containing the lists, charts, or spreadsheets with links to the various ECF documents, it would be extremely helpful.

The parties shall send a draft version of the Joint Submission to the Court's case manager no later than 3 p.m. on July 20, 2018, so that the Court can insure it has not forgotten or overlooked necessary information that should be included and to suggest changes to organization of the Joint Submission if needed.

During the consultation required by this Order, the parties shall begin discussing any contemplated motions to seal in connection with upcoming summary judgment motions. The Court is amenable to modifications to L.R. 5.4 that might reduce docket confusion, facilitate orderly decision, and reduce the burden on the parties, and it welcomes suggestions from the parties via the Court's case manager.

**SO ORDERED** this the 6th day of July, 2018.

UNITED STATES DISTRICT JUDGE