UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. JOSEPH M. THOMAS, bringing this Action on Behalf of the United States of America, <br><br> Plaintiff, <br><br> v. <br><br> DUKE UNIVERSITY, et al., <br><br> Defendants. | No. 1:17-cv-00276-CCE-JLW |

**MEMORANDUM IN SUPPORT OF RELATOR'S MOTION TO EXTEND SCOPE OF SUR-REPLY IN OPPOSITION TO MOTION FOR SANCTIONS**

Relator Joseph M. Thomas ("Relator"), files the following memorandum in support of his Motion to Extend Scope of Sur-Reply in Opposition to Motion for Sanctions filed by Defendants Duke University and Duke University Health System, Inc. (collectively "Duke").

**I.  Matter Before the Court and Brief Factual Statement**

On July 9, 2018, the Court issued a *sua sponte* Text Order authorizing Relator to file a Sur-Reply in this matter, but limiting the two-page scope to only matters reflected on certain pages of Duke's Reply. Relator is requesting leave of the Court to extend that scope to allow response to one new matter raised by Duke for the first time in its Reply, and to introduce limited new evidence in rebuttal.

Generally, courts allow a party to file a sur-reply when fairness dictates based on new arguments raised in the previous reply. *DiPaula v. Potter*, 733 F.Supp. 2d 666, 670 (M.D.N.C. 2010). Here, the parties have engaged in extensive and complex briefing on Duke's Motion for Sanctions. In Duke's Reply Brief [D.E. 200], Duke has raised arguments and cited to evidence to which Relator has not had an opportunity to respond. Specifically, Duke's original Motion and Brief in Support focused on Relator's interactions with Dr. Julie Ledford, all of which were addressed in Relator's opposition.

In its Reply, Duke pivots to a new co-worker, attaching a new Declaration of Barbara Theriot, which in turns attaches an incomplete LinkedIn dialogue with Relator [D.E. 200-4, at 5]. The full dialogue reveals that Ms. Theriot initiated the contact with Relator (who was on vacation at the time and away from Duke), sending him a link to an article about Dr. Monica Kraft leaving Duke to go to the University of Arizona.

**II.     Question Presented**

Should the scope of Relator's Sur-Reply be extended beyond the scope of this Court's July 9, 2018 Text Order so as to allow Relator to concisely respond to the new arguments and evidence presented by Duke regarding Barbara Theriot?

**III.    Argument**

Duke did not provide a declaration from Ms. Theriot in its opening brief, even though Ms. Theriot remains a Duke employee. In her Declaration, Ms. Theriot makes assertions regarding her interactions with Relator, assertions to which Relator did not have an opportunity to respond.

Among these, Ms. Theriot states that an attached LinkedIn conversation was an example of how Relator questioned her, but in fact, Theriot initiated this contact with Relator while he was on vacation. The fact that Theriot initiated the contact is particularly relevant because it negates the inference that Duke attempts to draw.

Moreover, Theriot subsequently sent a LinkedIn message to Relator on November 14, 2014—which was after Relator had been forced to resign from Duke—that stated:

> What's the word, bird?
> Sh[*]t just hit the fan here.
> Ken said he had spoke to you earlier in the
> week. Still holding out on the best job, huh?

First, the content of this message reveals the familiar relationship between Relator and Theriot. Second, Thomas did not respond (a fact that contrasts with Duke's implication that he was overly interested in events in the Pulmonary Division).

Additionally, the content of Relator's Responses to Duke's Interrogatory #2 [ECF 159-2] argues strongly against Duke's new assertion in Theriot's Declaration that Relator focused on legal matters when speaking with her. [D.E. 200 at 5; D.E. 200-4, at ¶8]. In fairness, Relator should be allowed to respond to Duke's pivot away from Dr. Ledford's assertions to the new assertions by Ms. Theriot. *See DiPaula*, 733 F.Supp. 2d at 670.

Accordingly, Relator requests permission to expand the scope of his Sur-Reply to address the content of the new Declaration by Ms. Theriot, including by providing the Court with the full content of their LinkedIn conversations referenced above—none of which requires sealing.

Relator has discussed the proposed expansion with counsel for Duke. Duke opposes the motion on the stated ground that the Court's Text Order regarding a sur-reply was specific, and that Thomas should have produced the LinkedIn dialogue at issue earlier in response to discovery.[1] However, Duke has indicated its intent to cooperate with a prompt resolution of Relator's motion by filing a short opposition within a day of Relator's filing.

## IV. Conclusion

For the foregoing reasons, Relator respectfully requests that the Court extend the scope of Relator's Sur-Reply by one additional page to allow him to present limited evidence in response to the Declaration by Ms. Theriot.

---

[1] Relator disagrees with Duke on this point. Duke's discovery requests to Relator requested communications relating to the allegations in the Complaint/Amended Complaint --- which are not clearly implicated in the referenced LinkedIn exchange. Moreover, to the extent that Duke is justified in its interpretation, Thomas issued discovery requests to Duke (naming Theriot as a custodian), which likewise should have required Duke to produce the LinkedIn exchange in discovery. In any event, Relator does not see how anything legitimate is served by allowing an incomplete and misleading factual record to stand.

Respectfully submitted, this the 11th day of July 2018.

/s/ Daniel F. E. Smith
D.J. O'Brien III
N.C. State Bar No. 35481
dobrien@brookspierce.com
Daniel F. E. Smith
N.C. State Bar No. 41601
dsmith@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina, 27401
Tel. (336) 373-8850
Fax (336) 378-1001

/s/ J. Scott Sexton
Matthew W. Broughton (VSB No. 25226)
J. Scott Sexton (VSB No. 28294)
Gregory J. Haley (VSB No. 23971)
Michael J. Finney (VSB No. 78484)
John R. Thomas, Jr. (VSB No. 75510)
Andrew M. Bowman (VSB No. 86754)
GENTRY LOCKE
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022-0013
(540) 983-9300
Fax: (540) 983-9400
broughton@gentrylocke.com
haley@gentrylocke.com
finney@gentrylocke.com
jthomas@gentrylocke.com
bowman@gentrylocke.com

*Attorneys for Relator Joseph M. Thomas*

## CERTIFICATE OF WORD COUNT

I hereby certify that, pursuant to Local Civil Rule 7.3(d), the foregoing brief has fewer than 6,250 words and thus complies with Rule 7.3(d).

/s/ Daniel F. E. Smith<br>
Daniel F. E. Smith

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record in this matter.

This the 11th day of July 2018.

/s/ Daniel F. E. Smith
Daniel F. E. Smith