IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

The United States of America, *ex rel.*
Joseph M. Thomas, Bringing this Action
on Behalf of the United States of
America,

    *Plaintiff*,

v.

Duke University,
Duke University Health System, Inc.
William M. Foster, Ph.D., and
Erin N. Potts-Kant,

    *Defendants*.

Civil Action No. 1:17-cv-276-CCE-JLW

## RELATOR'S MOTION FOR SUMMARY JUDGMENT

Relator Joseph M. Thomas—pursuant to Federal Rule of Civil Procedure 56(a), Local Rule 56.1, and the Court's September 4, 2018 Order [D.E. 238]—moves for summary judgment against Defendant University ("Duke") on Counts I and II of the Amended Complaint [D.E. 25] as to certain Duke's research grants presented to the National Institutes of Health ("NIH") and/or the Environmental Protection Agency ("EPA").

### Relator seeks summary judgment on 24 grants:

1.    There are no genuine disputes of material fact for the grants at issue on the matters covered by this motion.

1

2. This motion seeks judgment against Duke on all elements of liability for Counts I and II with regard to Duke's presentation (Count I) and/or use (Count II) of statements of false scientific data (research results) and related narrative to obtain or continue twenty-three (23) research grants from the NIH and one (1) from the EPA. The specific grants, claims, and related single damage amounts are set forth in the attached **Exhibit 1**.

3. This motion also seeks judgment under Counts I and II for Duke's false certifications regarding the grant applications and progress reports identified in **Exhibit 1**, specifically that the statements within those grant documents were "true, complete and accurate."

4. This motion encompasses all elements of liability for the grant applications and progress reports identified in **Exhibit 1**: (a) false statement; (b) made or carried out with the requisite scienter; (c) that was material; (d) that involved a claim; and (e) damages in the amount of the award.

5. In the alternative to granting full judgment as to each grant application and progress report identified in **Exhibit 1**, the Relator asks that the Court grant partial summary judgment as appropriate on the elements required for Counts I and/or II.

### What is not within the purview of this motion:

6. This motion is also notable for what it does not seek relating to matters at issue in this case. For example, Relator does not seek summary judgment against other defendants, Duke University Health Systems (DUHS), Michael Foster, or Erin Potts-

Kant. Nor does Relator seek judgment for all grants at issue in Counts I and II, only the 24 specified. Nor does Relator seek judgment as to Counts IV and V.

7. The only false statements at issue in this motion are those within the grant documents identified in **Exhibit 1** that are detailed in the accompanying memoranda and its exhibits, as well as related certifications of accuracy and truth. This motion is without prejudice to Relator's contention that these grant documents contain additional false statements and certifications, and that there are other false records and statements material to these claims.

8. This motion does not address penalties under the FCA for any false claims, statements, or records.

## The structure of the motion and briefing:

9. With the permission of the Court, Relator presents two briefs in support of this motion. The first covers general facts and law applicable to all the grant applications and progress reports listed on **Exhibit 1**. The second addresses specific grants and specific false figures and statements within the context of such grants, pointing to evidence and expert testimony that confirms the specific relevance of the false information.

3

## Conclusion

For the foregoing reasons, and for those set forth in the accompanying briefs, Relator requests that the Court grant his Motion for Summary Judgment against Duke on the grants and in the amounts set forth in **Exhibit 1**, trebled pursuant to 31 U.S.C. §3729(a)(1), or such other relief as the Court may deem appropriate.

Respectfully submitted, this the 31st day of October 2018.

**JOSEPH M. THOMAS**

/s/ J. Scott Sexton
Matthew W. Broughton
J. Scott Sexton
Gregory J. Haley
Michael J. Finney
Daniel R. Sullivan
Andrew M. Bowman
GENTRY LOCKE
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
(540)983-9400 (fax)
broughton@gentrylocke.com
sexton@gentrylocke.com
haley@gentrylocke.com
finney@gentrylocke.com
sullivan@gentrylocke.com
bowman@gentrylocke.com

4

/s/ D.J. O'Brien III
D.J. O'Brien III
N.C. State Bar No. 35481
Daniel F.E. Smith
N.C. State Bar No. 41601
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina, 27401
Tel. (336) 373-8850
Fax (336) 378-1001
dobrien@brookspierce.com
dsmith@brookspierce.com


John R. Thomas, Jr.
Healy Hafemann Magee
21 West Park Avenue
Savannah, Georgia 31401
Tel. (540) 759-1660
jt@hhm.law

*Attorneys for Relator Joseph M. Thomas*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record in this matter.

/s/ D.J. O'Brien III
D.J. O'Brien III
