IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, ex rel. JOSEPH M. THOMAS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:17-CV-276 |
| DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEM, INC., WILLIAM M. FOSTER, PH.D., and ERIN N. POTTS-KANT, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In this *qui tam* lawsuit filed under the False Claims Act, counsel for the plaintiff-relator instructed two of the relator's experts, Dr. Redente or Dr. Gaggar, not to answer certain questions posed during deposition by defendants Duke University and Duke University Health System. The Duke defendants move to compel. Doc. 257. Duke's questions viewed in context were attempts to learn who, as between the expert and the relator's counsel, drafted specific language or made specific decisions about the wording in the expert's report or otherwise to learn about communications between the expert and counsel related to the report. The Rules of Civil Procedure protect drafts and communications about reports and draft reports from disclosure as trial preparation materials, with limited exceptions not applicable here. Efforts to obtain this protected information through the back door of a deposition are not allowed and Duke's motion will be denied.

When experts are required by the Federal Rules of Civil Procedure to produce reports, those same rules broadly protect as work product drafts of expert reports and attorney-expert communications, subject to certain exceptions. Fed. R. Civ. P. 26(b)(4)(B)–(C). Nothing else appearing, the answers to questions designed to elicit information about how counsel assisted the expert in drafting or revising a required report are likely to disclose attorney mental impressions, conclusions, opinions, or legal theories, to the same extent and in the same way such information would be disclosed by producing drafts and communications with counsel about the drafts. *See* Fed. R. Civ. P. 26(b)(4)(B) (protecting drafts "regardless of the form in which the draft is recorded"); Fed. R. Civ. P. 26(b)(4)(C) (protecting attorney-expert communications "regardless of the form of the communications").

Therefore, this information is subject to the same work product protections for drafts and attorney-expert communications, and the same exceptions, as set forth in Rule 26(b)(4)(B) and (C), as amended in 2010. *See, e.g.*, *Trulove v. D'Amico*, No 16-cv-050, 2018 U.S. Dist. LEXIS 37581, *5–7 (N.D. Cal. Mar. 7, 2018); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13cv816, 2015 WL 5022545, *1 (S.D.N.Y. Aug. 17, 2015); *Meds. Co. v. Mylan Inc.*, No. 11–cv–1285, 2013 WL 2926944, *4 (N.D. Ill. June 13, 2013); *see also Bingham v. Baycare Health Sys.*, No. 8:14-cv-73-T-23JSS, 2016 WL 5106946, *3 (M.D. Fla. Sept. 20, 2016) (noting the 2010 Amendments to Rule 26 "allows the focus of the expert discovery rules to be restored to discovering the substance of an expert's opinion, rather than the evolution of the expert's report or the attorney's role in preparing the expert."). Unless the requested information is subject to and falls into one

2

of the exceptions in Rule 26(b)(4)(C), it is available through discovery only upon a showing of substantial need. Fed. R. Civ. P. 26(b)(3)(A)(ii).

Here, Duke admits it has not shown substantial need. *See* Doc. 276 at 7 n.4. Instead, Duke contends there is no work product protection because its questions are not directed towards learning protected information, are directed instead towards learning whether the expert relied upon or considered facts, data, or assumptions provided by counsel, and therefore fall into an exception under Rule 26(b)(4)(C). *See id.* at 6–8.

Duke is entitled to ask experts to identify facts or data provided by the relator's counsel and considered by the expert and to identify assumptions provided by counsel on which the expert relied; Rule 26 explicitly excludes this information from work product protection. *See* Fed. R. Civ. P. 26(b)(4)(C)(ii)–(iii). But none of the contested questions Duke asked Dr. Gaggar and Dr. Redente mention facts, data, or assumptions. There is nothing before the Court indicating that the relator's counsel prevented these two witnesses from answering direct questions about what facts, data, and assumptions counsel may have provided and which the experts considered or on which they relied.[1]

Duke contends the questions at issue do not relate to drafts or communications and thus the work product provisions of Rule 26(b)(4)(B)–(C) do not apply. A review of the

---

[1] Direct questions allow counsel to obtain the needed and discoverable information without going down the work-product rabbit hole of who changed what word, who drafted which sentence, and what exactly the terms "wrote" or "drafted" mean in the context of a report that may have gone through several drafts. Direct questions avoid wasting time by both the parties and the witness at the deposition and potentially by the parties and the court to resolve unnecessary work product issues. *See* Fed. R. Civ. P. 26(b)(1) (requiring discovery to be proportionate to the needs of the case).

3

questions in context shows this is inaccurate. For example, Duke asked Dr. Gaggar this question: "So if you had never served as an expert witness before, how did you know what to do to get started preparing a report?" Relator's counsel objected, but only to the extent the question required the disclosure of communications between relator's counsel and the expert. Subject to that limitation, Dr. Gaggar then answered the question. Doc. 258-1 at 3-4. By its motion to compel, Duke is thus seeking to know what the relator's counsel told Dr. Gaggar about preparing a report. That is a "communication between the party's attorney and [the expert] witness" and it is protected by Rule 26(b)(4)(C). Similarly, Duke asked Dr. Gaggar to "identify any of the language in this report that was prepared in the first instance by you." Doc. 258-1 at 9. This is just another way of asking what was in a first draft and that information is protected by Rule 26(b)(4)B). Other questions in context are to the same effect.

Duke also seeks to sidestep the issue of substantial need by contending that its questions are relevant for impeachment purposes because similarities suggest counsel was involved. Doc. 276 at 3; Doc. 258 at 3. First, Duke's characterization of the two expert reports as having "inexplicable similarities," Doc. 276 at 3, is not supported by the record.[2] Second, courts routinely recognize that there is nothing wrong about attorneys

---

[2] Duke identifies only a few places where the reports use the same words or phrases, but this is not surprising since they address similar issues and facts. While Duke has pointed to one place in each deposition where the experts were unable to explain citation mistakes, it identifies no place where either expert gave any indication that they did not understand their reports or were unable to answer substantive questions about their opinions or underlying facts or data. *Cf. U.S. ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498, 509–11 (N.D. Tex. 2016); *Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934, 942–43 (E.D. Mich. 2014).

4

Case 1:17-cv-00276-CCE-JLW   Document 287   Filed 11/05/18   Page 4 of 6

assisting experts with reports.  *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, No. 1:13–cv–433, 2016 WL 4578146, *3 (E.D. Va. Jan. 15, 2016); *see also* Fed. R. Civ. P. 26(2)(B) advisory committee's note to 1993 amendment.

Finally, and most importantly, potential relevance alone does not trump the work product protections provided by Rule 26.[3]  *See* Fed. R. Civ. P. 26(b)(3); *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978).  A showing of substantial need is required, and as noted, Duke has not attempted to meet this standard.  A speculative possibility that counsel's involvement in the preparation of reports was excessive or that the reports were not prepared by the expert is not enough to justify an intrusion into trial preparation materials.  *See Trulove*, 2018 U.S. Dist. LEXIS 37581, *5–7 (denying request to depose expert on whether attorneys prepared report because defendants "submit[ted] no evidence to suggest excessive attorney involvement in the drafting of the report, or that they drafted it for him.")

The relator has met his burden to show that his objections should be sustained. *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (noting that the burden of persuasion lies on the "party or person resisting discovery, not the party moving to compel discovery.").  Therefore, the Court will deny the motion.

---

[3] Before Rule 26 was amended in 2010, drafts and communications between counsel and the expert were discoverable, presumably in part for potential relevance as to impeachment.  The 2010 amendment changed the calculus, making clear the benefits from discovery of this potentially relevant information are outweighed by the benefits of providing work product protection.  *See Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014) ("[T]he driving purpose of the 2010 amendments was to protect opinion work product—i.e., attorney mental impressions, conclusions, opinions, or legal theories—from discovery.").

In its motion, Duke also asks the Court to apply its ruling to other expert depositions where similar questions were asked and not answered but whose transcripts were not yet available. To the extent the legal issues, context, and questions are the same, there is no reason to think the result would be different. But the questions matter.

For example, in Dr. McGovern's deposition, the transcript of which became available after the motion to compel was filed and which was mentioned in passing in Duke's reply, counsel for the relator instructed an expert not to answer this question: "Were any of the facts, data or assumptions stated in this report written by someone other than yourself ?" Doc. 276-1 at 5. This question is different from the questions asked of Dr. Redente and Dr. Gaggar, and the parties have not addressed whether this question is appropriate under Rule 26(b)(4)(C)(ii) and (iii). *See* discussion *supra.*

The Court encourages the parties to re-evaluate this question and instruction, and any similar questions and instructions about data, facts, or assumptions. If further Court involvement is required, Duke shall file a motion to compel no later than November 16, accompanied by a Joint Submission including any relevant deposition testimony and short briefs from each side not to exceed 2000 words each.

In the exercise of the Court's discretion and for the reasons stated herein, it is **ORDERED** that the defendants' motion to compel additional expert testimony, Doc. 257, is **DENIED**.

This the 5th day of November, 2018.

UNITED STATES DISTRICT JUDGE